**E-FILED**
Tuesday, 15 April, 2008  03:15:51 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION



FILED

APR 1 5 2008

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 07-CR-20115 |
| | ) | |
| VALERIAN N. LEWIS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

This case is before the court for ruling on Defendant's Response to Government's Notice of Introduction of Evidence under Federal Rule of Evidence 404(b) (#10). Because Defendant has asked this court to bar certain evidence at trial, this court has construed it as a motion in limine. The Government has responded to Defendant's arguments in its Response to Defendant's Motion to Bar Evidence (#11). This court has carefully reviewed the arguments presented by the parties. Following this careful and thorough review, Defendant's motion in limine (#10) is DENIED.

This case is also before the court for ruling on Defendant's Motion in Limine as to Defendant's Convictions (#12). This Motion is GRANTED in part and DENIED in part.

## BACKGROUND

On December 18, 2007, Defendant, Valerian N. Lewis, was charged by indictment (#7) with one count of attempting to possess 500 grams or more of cocaine with the intent to distribute it, in violation of 21 U.S.C. § 841. The charge is based on allegations that, on December 4, 2007, Defendant traveled from his home in Ft. Wayne, Indiana, to a hotel in Kankakee, Illinois. The allegations are that, at that time, Defendant was in possession of approximately $47,000 in U.S. Currency to meet with a confidential source and purchase three kilograms of cocaine, as well as

receive an additional three kilograms of cocaine on a "front" or consignment basis. Following his arrest, Defendant denied any intent to engage in a drug transaction with the confidential source at the hotel. Defendant told agents that he was in Kankakee to purchase a car from an auto auction.

At trial, the Government intends to introduce evidence regarding Defendant's 2002 conviction of possession of cocaine with the intent to distribute it in the Northern District of Indiana. The Government intends to present evidence which will show that Defendant distributed 15.3 and 15.2 grams of cocaine in Ft. Wayne, Indiana, on January 11 and 17, 2002, respectively. The evidence will also show that, on February 7, 2002, agents executed a search warrant at Defendant's residence in Ft. Wayne and found approximately 1,199.9 grams of cocaine, 29.0 grams of cocaine base ("crack"), 984.9 grams of marijuana, $10, 960 in U.S. Currency, and a digital scale. On May 2, 2002, Defendant entered into a written plea agreement and admitted that he knowingly possessed between 500 grams and 5 kilograms of cocaine with the intent to distribute it. Defendant was sentenced to 57 months imprisonment and was released from custody under conditions of mandatory supervised release on April 7, 2006.

ANALYSIS

MOTION IN LIMINE REGARDING 404(b) EVIDENCE

On March 11, 2008, Defendant filed a Response to Government's Notice of Introduction of Evidence under Federal Rule of Evidence 404(b) (#10) which this court has construed as a motion in limine. Defendant stated that the Government intends to introduce Rule 404(b) evidence on the issues of "intent" and "knowledge." He argued that recent Seventh Circuit case law has recognized that it is very difficult to distinguish propensity evidence from evidence relevant to intent or knowledge. See United States v. Jones, 389 F.3d 753 (7th Cir. 2004), vacated on other grounds, 545

2

U.S. 1125 (2005). Defendant argued that the distinction between relevance as to "knowledge and/or intent" and relevance as to "propensity" in this case is too thin to allow the Government to present the proposed evidence. Defendant argued that there is a danger of the jury using propensity as a basis to "'tip the scales' in a case of 'attempt' where there is no confession, no actual exchange of cash, a confidential source of questionable credibility (who probably must testify for the government for foundation on taped conversations), the probability that the defendant will not testify, and videotapes that do not clearly show the face of the defendant." Defendant contended that, under these circumstances, the danger of unfair prejudice substantially outweighs the probative value of the proposed evidence. Defendant has asked this court to bar this evidence.

On March 28, 2008, the Government filed its 17-page Response to Defendant's Motion to Bar Evidence (#11). The Government provided a lengthy, well-supported argument in support of its position that it should be allowed to introduce the proposed evidence regarding Defendant's 2002 conviction during its case in chief at trial. The Government stated that, based upon Defendant's statements following his arrest and his plea of not guilty, Defendant has denied: (1) that he knowingly took a substantial step toward possessing cocaine; (2) that he did so with the intent to commit the offense; and (3) that he intended to deliver the cocaine to another person. The Government therefore argued that Defendant's knowledge and intent will be contested issues at trial.

The Government argued that it should be allowed to introduce evidence regarding Defendant's prior conviction under Rule 404(b) because the evidence is not being introduced to show propensity but instead is relevant to the contested issues of Defendant's knowledge and intent. The Government conceded that it has the burden to show that the evidence it seeks to introduce is relevant to an issue other than propensity. See United States v. Chavis, 429 F.3d 662, 667-68 (7th

3

Cir. 2005). The Government contended that the evidence should be allowed based upon the Seventh

Circuit's four-part test for determining if evidence can be properly admitted under Rule 404(b).

"Rule 404(b) forbids the use of prior convictions or other evidence of bad acts to prove that

the defendant has a propensity to commit crimes." United States v. Taylor, ___ F.3d ___, 2008 WL

879859, at *1 (7th Cir. 2008); see also United States v. Hurn, 496 F.3d 784, 787 (7th Cir. 2007), cert.

denied, 2008 WL 833293 (2008). Therefore, evidence cannot be introduced to show that a defendant

has a propensity to commit a crime and that he acted in accordance with that propensity on the

occasion in question. Chavis, 429 F.3d at 667. However, Rule 404(b) allows the admission of prior

bad acts, in the discretion of the trial judge, to establish "motive, opportunity, intent, preparation,

plan, knowledge, identity, or absence of mistake or accident." Hurn, 496 F.3d at 787, quoting Fed.

R. Evid. 404(b); see also Taylor, 2008 WL 879859, at *1. A four-part standard governs the

admissibility of evidence under Rule 404(b):

> (1) the evidence [must be] directed toward a matter in issue other
> than the defendant's propensity to commit the crime charged; (2) the
> evidence [must] show[] that the other act is similar enough and close
> enough in time to be relevant to the matter in issue; (3) the evidence
> [must be] sufficient to support a jury finding that the defendant
> committed the similar act; and (4) the probative value of the evidence
> [must] not [be] substantially outweighed by the danger of unfair
> prejudice.

Chavis, 429 F.3d at 667, quoting United States v. Best, 250 F.3d 1084, 1090-91 (7th Cir. 2001).

As far as the first factor, the Government noted that, in this case, Defendant has conceded

that his prior acts are relevant to both knowledge and intent. Defendant has contended, however, that the distinction between relevance as to knowledge and intent, on the one hand, and propensity, on the other, "is much too thin" to allow this evidence to be admitted.

This court is very aware that only a fine line distinguishes inadmissible evidence regarding propensity and admissible evidence regarding the issue of intent. See Jones, 389 F.3d at 756. Therefore, in order to know on which side of the line any particular past conviction falls, the Government must "present specific evidence about the prior conviction and a well articulated theory of the legitimate purpose that it allegedly serves for the present case." Jones, 389 F.3d at 757. This court also recognizes that the Seventh Circuit has recently stated that "[i]t should be clear by now that evidence that a defendant had engaged in other drug transactions is not always admissible in a subsequent drug prosecution." United States v. Simpson, 479 F.3d 492, 496 (7th Cir. 2007). "Introducing only prior drug convictions or bad acts, with nothing more, proves nothing but propensity." Simpson, 479 F.3d at 496.

However, the Seventh Circuit has recognized that evidence of a prior conviction is relevant and admissible "when the defendant concedes being in the vicinity of drug activity but argues that he was a 'clueless bystander.'" Hurn, 496 F.3d at 787, citing Chavis, 429 F.3d at 668, United States v. Macedo, 406 F.3d 778, 793 (7th Cir. 2005). The Seventh Circuit stated that, in Hurn, Chavis and Macedo, the defendant "claimed that he was an innocent bystander who was in the wrong place at the wrong time." Hurn, 496 F.3d at 788. The court concluded that, in that situation, evidence of a prior conviction was relevant on the issue of intent and properly admitted. Hurn, 496 F.3d at 788.

This court agrees with the Government that this case is similar to the situation presented to the Seventh Circuit in Hurn, Chavis, and Macedo where each of the defendants claimed to be an

innocent bystander.  The court in Chavis stated that this type of defense theory "provides the additional relevance necessary for a prior conviction to satisfy Rule 404(b) as intent evidence." Chavis, 429 F.3d at 668.  In this case, Defendant has claimed that he was in possession of $47,000, not to purchase cocaine for distribution, but to purchase a car at an auto auction.  This court therefore concludes that this case presents the type of situation where the Seventh Circuit has found that evidence regarding a prior conviction may properly be admitted.  This court also finds that the Government has provided specific evidence regarding Defendant's prior conviction and has provided a well articulated theory regarding how the evidence is relevant on the issues of knowledge and intent.  Therefore, the Government has met its burden to show that the evidence is relevant to issues other than propensity, the issues of intent and knowledge.  See Hurn, 496 F.3d at 787-88; Chavis, 429 F.3d at 668; Macedo, 406 F.3d at 793; see also United States v. Brown, 34 F.3d 569, 573 (7th Cir. 1994) ("prior bad acts may be admitted as proof of an element of the crime, such as intent, if the act demonstrates how the defendant's behavior was purposeful rather than accidental"); United States v. Kreiser, 15 F.3d 635, 640 (7th Cir. 1994) ("the [prior] cocaine transactions show that [the defendant] was familiar with the cocaine business and was not some hapless fool mistakenly caught up in an overzealous law enforcement action").

As far as the second factor, Defendant has not disputed that evidence regarding the prior conviction is similar enough and close enough in time to be relevant.  See Hurn, 496 F.3d at 788 (1995 conviction not too remote in time to be relevant to 2005 charges).  As far as the third factor, Defendant has conceded that there is no question on this factor as Defendant was convicted beyond a reasonable doubt of distribution of cocaine in the prior case.

Defendant has focused on the fourth factor, and has argued that the probative value of the

evidence is substantially outweighed by the danger of unfair prejudice. The Seventh Circuit has held that "[e]vidence is unfairly prejudicial only to the extent that it will cause the jury to decide the case on improper grounds." Chavis, 429 F.3d at 668, quoting United States v. Jones, 248 F.3d 671, 676 (7th Cir. 2001). Defendant contends that the danger is that the jury will consider the evidence as evidence of propensity. However, in Hurn, the Seventh Circuit found that the probative value of the evidence was not substantially outweighed by unfair prejudice. Hurn, 496 F.3d at 788. The court found that, importantly, the district court instructed the jury to consider the prior conviction only as evidence of intent and also found that "the conviction was highly probative because it went directly to Hurn's intent to distribute cocaine, which he 'made an issue in the case by denying any connection to the drugs.'" Hurn, 496 F.3d at 788, quoting Chavis, 429 F.3d at 669. This court notes that it intends to give a limiting instruction to the jury which states that the evidence of other acts of Defendant can only be considered on the question of Defendant's knowledge and intent. Based upon the presumption that jurors follow the instructions of the court, this court finds that the danger of unfair prejudice is relatively small. See Chavis, 429 F.3d at 668-69. This court further concludes that the Government has shown that the proposed evidence is very relevant to the issue of Defendant's knowledge and intent. Therefore, this court concludes that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

Because this court has concluded that the Government has shown that the proposed evidence is admissible under Rule 404(b) based upon the Seventh Circuit's four-part test, Defendant's Response to Government's Second Notice of Introduction of Evidence Under Federal Rule of Evidence 404(b) (#10), which this court has construed as a motion in limine, is DENIED.

MOTION IN LIMINE REGARDING IMPEACHMENT EVIDENCE

On April 4, 2008, Defendant filed a Motion in Limine as to Defendant's Convictions (#12). Defendant stated that he has two prior convictions: (1) his 2002 conviction of distribution of cocaine; and (2) a 1998 misdemeanor conviction of sexual battery. Defendant sought an order from this court that would bar the Government from introducing evidence of either of these convictions for impeachment purposes in the event Defendant testifies at trial.

This court has carefully considered Defendant's arguments. This court agrees with Defendant that his 1998 misdemeanor conviction of sexual battery does not have significant value to the Government for impeachment purposes and may be time-barred under Rule 609(b) of the Federal Rules of Evidence. Accordingly, Defendant's Motion in Limine (#12) is GRANTED as to Defendant's 1998 misdemeanor conviction.

As far as Defendant's 2002 conviction, this court has ruled that evidence regarding this conviction can be presented by the Government in its case in chief on the issues of knowledge and intent. This court therefore concludes that the Government may use the evidence of Defendant's 2002 conviction for impeachment purposes if Defendants testifies at trial. The evidence which can be used for impeachment is limited to the name of the crime charged, the date, and the disposition. See United States v. Robinson, 8 F.3d 398, 409 (7th Cir. 1993).

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Response to Government's Second Notice of Introduction of Evidence Under Federal Rule of Evidence 404(b) (#10), which this court has construed as a motion in limine, is DENIED.

(2) Defendant's Motion in Limine as to Defendant's Convictions (#12) is GRANTED in part

and DENIED in part.

      (3)  This case remains scheduled for a final pretrial conference on April 15, 2008, at 1:30

p.m. and a jury trial on May 12, 2008, at 9:00 a.m.

         ENTERED this _____15ᵗʰ_____ day of _____April_____, 2008

_____
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE

9