**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

---

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v.    ) | Case No. 07-CR-20115 |
| ) | |
| **VALERIAN N. LEWIS,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION**

This case is before the court for ruling on Defendant's Motion to Reconsider (#19). This court has carefully considered Defendant's Motion and the Government's Response (#20). Following this careful consideration, Defendant's Motion (#19) is GRANTED.

BACKGROUND

Defendant has been charged by indictment (#7) with one count of attempting to possess 500 grams or more of cocaine with the intent to distribute it, in violation of 21 U.S.C. § 841. On April 15, 2008, this court entered an Opinion (#18) which denied Defendant's request that this court bar certain evidence at trial that the Government intended to introduce under Rule 404(b) of the Federal Rules of Evidence. Defendant had requested that this court bar the Government from introducing evidence regarding Defendant's 2002 conviction, in the Northern District of Indiana, of possession of cocaine with the intent to distribute it. Defendant conceded that the evidence was relevant to the issues of knowledge and intent. However, he argued that recent Seventh Circuit case law has recognized that it is very difficult to distinguish propensity evidence from evidence relevant to intent or knowledge. He contended that, in this case, the distinction between relevance as to "knowledge and/or intent" and relevance as to "propensity" was too thin to allow the Government to present the

proposed evidence. He argued that there was a danger of the jury using propensity to "tip the scales" so that the danger of unfair prejudice substantially outweighed the probative value of the proposed evidence.

The Government stated that the charge against Defendant is based on allegations that, on December 4, 2007, he traveled from his home in Ft. Wayne, to a hotel in Kankakee, Illinois. The allegations are that, at that time, Defendant was in possession of approximately $47,000 in U.S. Currency to meet with a confidential source and purchase three kilograms of cocaine, as well as receive an additional three kilograms on a "front" or consignment basis. The Government stated that, following his arrest, Defendant denied any intent to engage in a drug transaction with the confidential source at the hotel. According to the Government, Defendant told agents that he was in Kankakee to purchase a car from an auto auction. The Government argued that, based upon Defendant's statements following his arrest and his plea of not guilty, he has denied: (1) that he knowingly took a substantial step toward possessing cocaine: (2) that he did so with the intent to commit the offense; and (3) that he intended to deliver the cocaine to another person. The Government argued that it should be allowed to introduce evidence regarding Defendant's prior conviction under Rule 404(b) because the evidence is not being introduced to show propensity but instead is relevant to the contested issues of Defendant's knowledge and intent.

In its Opinion, this court carefully reviewed the cases cited by the parties and the arguments made. This court considered the four-part standard which governs the admissibility of evidence under Rule 404(b). This court relied heavily on Seventh Circuit cases which have concluded that evidence of a prior conviction is relevant and admissible "when the defendant concedes being in the vicinity of drug activity but argues that he was a 'clueless bystander.'" United States v. Hurn, 496

F.3d 784, 787 (7th Cir. 2007); United States v. Chavis, 429 F.3d 662, 668 (7th Cir. 2005); United States v. Macedo, 406 F.3d 778, 793 (7th Cir. 2005). This court stated that it agreed with the Government that this case was similar to the situation presented to the Seventh Circuit in Hurn, Chavis and Macedo where each of the defendants claimed to be an innocent bystander. This court relied on the fact that Defendant has claimed the he was in possession of $47,000, not to purchase cocaine for distribution, but to purchase a car at an auto auction. After analyzing each of the factors in the four-part standard, this court concluded that the Government had shown that the proposed evidence was admissible under Rule 404(b).

ANALYSIS

On April 17, 2008, Defendant filed a Motion to Reconsider (#19). Defendant argued that the crux of this court's Opinion was that Defendant will present as his defense that he was in Kankakee on the date of the alleged crime to purchase an auto at an auto auction, thus, having no intent to commit, nor knowledge of, a drug transaction. Defendant argued that, in fact, he will not introduce that defense, will not make that argument in opening statement or closing argument, and does not intend to testify at trial. Defendant stated that, even if he did testify, he would not assert that he was in Kankakee to purchase an auto at an auction. Defendant stated that he would, in fact, deny that he ever made that statement to agents. Defendant further argued that his defense at trial will not be that he was at the hotel on the date in question just by coincidence, bad luck, or fate's intervention. He stated that the defense will not argue that he was there for any particular purpose or reason. Defendant stated that he has no burden to give a reason as to why he was at the hotel that day. He stated that he is entitled to, and will, remain silent on that issue. Defendant argued that, because he is not asserting that defense, the cases of Hurn, Chavis, and Macedo are distinguishable.

According to Defendant, the defense will merely be that, based on the facts the Government adduces, it has not proved guilt beyond a reasonable doubt. Defendant stated that the defense will attack the Government's case as follows: the confidential source is either working off his own charges or testifying because he was paid to do so; the video taken by the officers is not clear, or does not clearly, if at all, show Defendant doing anything illegal or untoward; the video contradicts the officer's statements as to what Defendant did on that day; witness Roderick Austin, the driver of the car to the drug buy, is uncharged by the Government for a crime for which he is legally accountable (and he'd like to keep it that way); there is no substantial step towards the commission of any crime; there were no drugs at the scene; and there was no transfer of money for drugs. Defendant argued that it would be unfair to allow the Government to put into evidence in its case in chief a statement by Defendant regarding purchasing a car at an auction, and then turn around and argue that it must be allowed to introduce the earlier federal conviction because the jury now has evidence before it that Defendant is claiming he had no intent nor knowledge–he is just there to buy a car. Defendant contended that the Government should only be allowed to introduce evidence regarding the prior conviction in rebuttal if Defendant crosses the line and opens the door to this evidence.

On April 24, 2008, the Government filed its Response to Defendant's Motion to Reconsider (#23). The Government argued that the Seventh Circuit, in Hurn, Chavis and Macedo, did not limit the introduction of Rule 404(b) evidence to rebuttal. The Government contended that, by denying his guilt under these circumstances, Defendant has opened the door to the use of his prior conviction. See Chavis, 429 F.3d at 668 ("the defendant himself opens the door to the use of the conviction by

asserting that he lacked the requisite intent for the crime"). The Government argued that, whether or not he exercises his right to present evidence and whether or not he disputes that he told agents at the time of his arrest that he was at the hotel to buy a car, Defendant is directly challenging whether the Government can prove he knew a drug transaction had been arranged and whether he intended to obtain cocaine while he was at the hotel. The Government argued that, for the reasons set forth in Hurn, Chavis and Macedo and argued in the Government's previous filing, the prior acts evidence should be admissible to establish Defendant's knowledge, intent and lack of mistake.

The Government also argued that the Seventh Circuit's recent decision in United States v. Taylor, ___ F.3d ___, 2008 WL 879859 (7th Cir. 2008) provides additional grounds for admission of Rule 404(b) evidence in this case. In Taylor, the defendant called no witnesses of his own and offered no evidence of innocence. Taylor, 2008 WL 879859, at *3. The Seventh Circuit found that Rule 404(b) evidence was properly admitted to explain why the Government's informants had identified the defendant as a potential seller for a controlled buy and how they knew who he was. Taylor, 2008 WL 879859, at *2. The court also recognized that Rule 404(b) evidence is proper when it is introduced to explain how a witness knows what certain terms mean because a legitimate use of prior acts evidence is the need to avoid confusing the jury. Taylor, 2008 WL 879859, at *4. The Government argued that the evidence it intends to introduce helps explain other evidence in the case, such as why the confidential source had identified Defendant as a potential buyer for a controlled sale of cocaine, how the driver could know Defendant was referring to cocaine when he said "the other," and how Defendant knew that "three" referred to kilograms of cocaine and "49 dollars" would be an appropriate price for three kilograms of cocaine during his recorded conversation with the confidential informant.

5

The Government argued that it will not argue propensity at trial and that it supports giving a limiting instruction at the time the evidence is presented. The Government contended that this court's prior ruling was a proper exercise of its discretion so that Defendant's Motion to Reconsider should be denied.

In his Motion to Reconsider, Defendant has shown that he does not intend to present any evidence or argument that he was a "clueless bystander" when he met the confidential informant at the hotel. This court still believes that it could, in its discretion, allow the Government to present the proposed Rule 404(b) evidence on the issues of knowledge and intent. However, this court is very aware of recent Seventh Circuit decisions which suggest that district courts should consider very carefully whether to allow evidence that a defendant engaged in other drug transactions or had a prior drug conviction. See United States v. Simpson, 479 F.3d 492, 496 (7th Cir. 2007); United States v. James, 464 F.3d 699, 710-11 (7th Cir. 2006); United States v. Jones, 389 F.3d 753, 756-58 (7th Cir. 2004), vacated on other grounds, 545 U.S. 1125 (2005) (recognizing that only a fine line distinguishes between propensity evidence, which cannot be admitted, and evidence of intent, which may be admissible). The court in Simpson stated that the presumption set forth in Rule 404(b) "is against admissibility." Simpson, 479 F.3d at 497. The court emphasized that "simply because the evidence in question tends to show intent, motive, identity, or the like does not mean the evidence is automatically admissible." Simpson, 479 F.3d at 497.

In Jones, the Seventh Circuit stated:

> A prior conviction may be relevant to show intent if the defendant concedes that he possessed drugs but denied that he planned to distribute them, or if he denies knowing that the substance was

> contraband. Merely introducing prior convictions without more, however, can prove nothing but propensity, which is not enough to take the evidence out of the exclusionary principle established by Rule 404(b).

Jones, 389 F.3d at 757-58. The court in Simpson stated:

> Allowing a prosecutor routinely to introduce drug convictions in the case in chief without demonstrating relevance to some concrete dispute between the litigants creates needless risk that a conviction will rest on the forbidden propensity inference.

Simpson, 479 F.3d at 496, quoting United States v. Jones, 455 F.3d 800, 812 (7th Cir. 2006) (Easterbrook, J., concurring).

Because Defendant in this case has structured his defense to avoid raising an issue which would open the door to Rule 404(b) evidence, this court concludes that there is a legitimate question as to whether the evidence is relevant to a concrete dispute between the litigants or would be considered by the jury as evidence of propensity. See Simpson, 479 F.3d at 496. Therefore, the probative value of the evidence on the issues of knowledge and intent is substantially outweighed by the danger of unfair prejudice to Defendant. This court further concludes that, under the unique circumstances presented to the court in this case, a limiting instruction would not adequately eliminate the danger of unfair prejudice. This court therefore concludes, in its discretion, that the Government will be barred from presenting the proposed Rule 404(b) evidence in its case is chief.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Reconsider (#19) is GRANTED. The Government is barred from

presenting evidence regarding Defendant's 2002 conviction in its case in chief.

(2) Defense counsel, and Defendant, are strongly cautioned that any argument, question during cross examination, or testimony presented which raises a defense of lack of knowledge or intent will open the door to the introduction of evidence regarding Defendant's 2002 conviction.

(3) This case remains scheduled for a jury trial on May 12, 2008, at 9:00 a.m.

ENTERED this 5th day of May, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE